JS-6

FILED
CLERK, U.S. DISTRICT COURT

APR - 9 2010

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CV 08-06623 DDP |
| ) | [CR 07-00939 DDP] |
| Plaintiff, ) | |
| ) | **ORDER DENYING PETITIONER'S MOTION** |
| v. ) | **FOR REDUCTION OF HIS SENTENCE** |
| ) | |
| EMILIO BARRIOS-REYES, ) | [Motion filed October 8, 2008] |
| ) | |
| Defendants. ) | |
| ) | |

I.  BACKGROUND

Emilio Barrios-Reyes ("Petitioner") was charged with illegally re-entering the United States following deportation in violation of 8 U.S.C. § 1326(a), (b)(2). He entered into a plea agreement with prosecutors on September 11, 2007, and the Court accepted his plea of guilty to the one count information on October 9, 2007.

In the plea agreement, Petitioner admitted that (1) he was a citizen of Mexico and not a citizen or national of the United States; (2) in 2005 he was convicted of an aggravated felony, which was a drug trafficking offense; (3) he was lawfully deported from the United States in 1991 and again in 2006; and (4) he knowingly and voluntarily re-entered and remained in the United States without authorization. Petitioner also agreed that, because he was

deported after being convicted of an aggravated felony, he was subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2).[1]

In his plea agreement, Petitioner agreed that an appropriate prison sentence would be "the low end of the range [under the United States Sentencing Guidelines ("U.S.S.G.")] determined by th[e] total offense level [of 17] and the criminal history category calculated by the court in accordance with . . . the U.S.S.G." On January 14, 2008, defendant was sentenced to 46 months imprisonment.[2]

Under the plea agreement, Petitioner "agree[d] not to seek, argue, or suggest that any . . . adjustments, departures, or variances in sentence pursuant to the [U.S.S.G.] and/or the factors set forth in 18 U.S.C. § 3553(a) be imposed." Moreover, Petitioner explicitly waived in part his right to pursue direct appeal or post-conviction relief:

> [Petitioner] gives up the right to appeal any sentence imposed by the Court and the manner in which the sentence is determined, provided that the sentence . . . requires a term of imprisonment no greater than that specified in [the plea agreement], and with the exception that [Petitioner] reserves the right to appeal the calculation of [his] criminal history category. [Petitioner] also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-

---

[1] The heightened maximum penalty under § 1326(b)(2) is 20 years imprisonment. 8 U.S.C. § 1326(b). The ordinary maximum sentence under § 1326(a) is two years. 8 U.S.C. § 1326(a).

[2] The total offense level of 17 was calculated by starting with the base offense level of 8 (see U.S.S.G. § 2L1.2(a)), adding 16 points for removal after conviction of an aggravated felony which is a drug trafficking offense (see U.S.S.G. § 2L1.2(b)(1)(A)(I)), subtracting 3 points for acceptance of responsibility (see U.S.S.G. § 3E1.1(a), (b)), and subtracting four points for early disposition program departure (see U.S.S.G. § 5K3.1).

1     conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable U.S.S.G., sentencing statutes, or statutes of conviction.

On October 8, 2008, Petitioner filed a motion under 28 U.S.C. § 2255 to reduce his sentence to 24 months as a downward departure due to extraordinary hardship and Equal Protection rights. (See Petitioner's Motion ("Pet.") 5.) The government filed its response on February 2, 2009. The Court then ordered the parties to file supplemental briefs addressing the issue of whether Petitioner waived his right to raise the claims raised in his § 2255 motion.

**II. DISCUSSION**

A defendant can waive his statutory right to file a § 2255 motion challenging the length of his sentence. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005).

Petitioner is not arguing that the waiver was made unknowingly or involuntarily; rather, he is requesting a downward departure on the basis of extraordinary hardship and an alleged violation of the Equal Protection Clause. Because the record supports the knowing and voluntary nature of the underlying plea agreement, the waiver is valid, and the defendant is not entitled to any further consideration of hardship affecting his sentence. The only post-conviction collateral actions he may bring, under the terms of his plea agreement, are claim of ineffective assistance of counsel, claims based on newly discovered evidence, and claims premised on

an intervening change in the Sentencing Guidelines or the statute of conviction. He raises no such claim. Accordingly, the Court concludes that Petitioner waived his right to raise the claims presented in his § 2255 petition.

**III. CONCLUSION**

For the reasons set forth above, the Court DENIES Petitioner's motion for reduction of his sentence.

IT IS SO ORDERED.

Dated: 4-9-10

DEAN D. PREGERSON
United States District Judge